**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4606**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JERONZA THORNE,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge.  (3:06-cr-00448-RJC-1)

Submitted:  February 11, 2009      Decided:  March 16, 2009

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Steven Slawinski, Ann L.
Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.,
Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray,
Assistant United States Attorney, Asheville, North Carolina;
Dana Owen Washington, OFFICE OF THE UNITED STATES ATTORNEY,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeronza Thorne pled guilty, pursuant to a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Thorne to seventy-two months' imprisonment, and Thorne timely noted his appeal. On appeal, counsel for Thorne has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he raises two potential errors for review.[*] Finding no error, we affirm.

Thorne first questions whether the district court erred in counting his two prior felony sentences separately for guidelines calculation purposes because the offenses were consolidated for sentencing. The record reveals that Thorne's September and October 2000 offenses were separated from his June 5, 2001 offenses by his arrest on January 7, 2001. "Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest." U.S. Sentencing Guidelines Manual § 4A1.2(a)(1) (2007). Accordingly, the district court did not err in counting Thorne's offenses separately in calculating his criminal history

---

[*] Thorne was informed of his right to file a pro se supplemental brief. He has elected not to do so. The Government declined to file a brief.

category.  See United States v. Huggins, 191 F.3d 532, 539 (4th Cir. 1999).

Thorne next questions whether the district court erred in enhancing his base offense level by two levels because the firearm was stolen.  Thorne claims he was unaware that the firearm was stolen. Even if true, however, this argument offers Thorne no comfort as Application Note 8(B) to USSG § 2K2.1(b)(4), which provides the two-level enhancement for a stolen firearm, contains no scienter requirement; it applies even if the defendant did not know or have reason to know the firearm was stolen.  USSG § 2K2.1(b)(4); see, e.g., United States v. Martin, 339 F.3d 759 (8th Cir. 2003).  Therefore, the district court did not err in enhancing Thorne's base offense level two levels.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Thorne's conviction and sentence.  This court requires that counsel inform Thorne, in writing, of the right to petition the Supreme Court of the United States for further review.  If Thorne requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Thorne.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
